B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT | VOLUNTARY PETITION |
|---|---|

**Name of Debtor** (if individual, enter Last, First, Middle):
**Bell, Tamara M.**

**Name of Joint Debtor** (Spouse) (Last, First, Middle):

**All Other Names** used by the Debtor in the last 8 years
(include married, maiden, and trade names):

**All Other Names** used by the Joint Debtor in the last 8 years
(include married, maiden, and trade names):

**Last four digits of Soc. or Individual-Taxpayer I.D. (ITIN)/Complete EIN**
(if more than one, state all): **9201**

**Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN**
(if more than one, state all):

**Street Address of Debtor** (No. and Street, City, and State):
**819 North Francisco Avenue**
**Chicago, Illinois**

ZIP CODE **60622**

**Street Address of Joint Debtor** (No. and Street, City, and State):

ZIP CODE

**County of Residence or of the Principal Place of Business:**
**COOK**

**County of Residence or of the Principal Place of Business:**

**Mailing Address of Debtor** (if different from street address):

**Mailing Address of Joint Debtor** (if different from street address):

ZIP CODE

ZIP CODE

**Location of Principal Assets of Business Debtor** (if different from street address above):

ZIP CODE

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| [X] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* <br> [ ] Corporation (includes LLC and LLP) <br> [ ] Partnership <br> [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.) | [ ] Health Care Business <br> [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) <br> [ ] Railroad <br> [ ] Stockbroker <br> [ ] Commodity Broker <br> [ ] Clearing Bank <br> [ ] Other | [X] Chapter 7 <br> [ ] Chapter 9 <br> [ ] Chapter 11 <br> [ ] Chapter 12 <br> [ ] Chapter 13 <br> [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding <br> [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable.)

[ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box.)

[X] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

[ ] Debts are primarily business debts.

**Filing Fee** (Check one box.)

[X] Full Filing Fee attached.

[ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

[ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
[ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
[ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
[ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).

Check all applicable boxes:
[ ] A plan is being filed with this petition.
[ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

[ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
[X] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| [X] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [X] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [X] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13)

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s): Bell, Tamara M.** | |
|---|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)**

| Location Where Filed:   **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.)**

| Name of Debtor:   **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X  ___/s/Karen  J.  Porter_____    February 26, 2014<br>  Signature of Attorney for Debtor(s)    (Date)<br>  Bar No.: 6188626 |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor – Venue**
(Check any applicable box.)

☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)

| Voluntary Petition
*(This page must be completed and filed in every case.)* | Name of Debtor(s): **Bell, Tamara M.** | Page 3 |

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only one box.) |

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Tamara M. Bell**
Signature of Debtor    **Tamara M. Bell**

X _____
Signature of Joint Debtor

Telephone Number (if not represented by attorney)
**February 26, 2014**
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X **/s/Karen J. Porter**
Signature of Attorney for Debtor(s)
**Karen J. Porter**
Printed Name of Attorney for Debtor(s)
**Porter Law Network**
Firm Name

**Suite 240, 230 West Monroe Street**
**Chicago, Illinois 60606**
Address
**(312) 372-4400**
Telephone Number
**February 26, 2014**
Date

Bar No.: 6188626
Fax: (312) 372-4160
E-mail: porterlawnetwork@gmail.com

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re Tamara M. Bell_____    Case No. _____
                    Debtor

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of:

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  Tamara M. Bell

Date: February 26, 2014

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT

In re  Tamara M. Bell                          ,            Case No. _____

_____Debtor_____

Chapter  7 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $ 240,000.00 | | |
| B - Personal Property | | | $ 15,521.00 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | $ 212,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | $ 95,531.62 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | $ 2,800.00 |
| J - Current Expenditures of Individual Debtors(s) | | | | | $ 4,025.00 |
| TOTAL | | | $ 255,521.00 | $ 307,531.62 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT

In re  Tamara M. Bell _____ ,                    Case No. _____
                    *Debtor*

                                                              Chapter  7 _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $    9,761.30 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $    9,761.30 |

State the following:

| | |
|---|---|
| Average Income  (from Schedule I, Line 12) | $    2,800.00 |
| Average Expenses (from Schedule J, Line 22) | $    4,025.00 |
| Current Monthly Income (from Form 22A Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C Line 20 ) | $    3,300.00 |

State the following:

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $    95,531.62 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $    95,531.62 |

B6A (Official Form 6A) (12/07)

In re **Tamara M. Bell,**
_____
                    **Debtor**

Case No. _____
                    **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 819 North Francisco Avenue, Chicago, IL 60622 One Story/ 3BR; 1Bath Single Family Home Detached One Car Garage | Fee Owner | | $240,000.00 | $212,000.00 |
| | | Total ▶ | $240,000.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re Tamara M. Bell, _____   Case No. _____
                   **Debtor**                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking Account Citibank | | $21.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Contents of 3 bedroom 2 bath single family home No valuation of household goods obtained | | $2,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | One woman's wearing apparel | | $500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re Tamara M. Bell, _____   Case No. _____

_____ (If known)
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | 2013 Tax Refund | | $3,000.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1999 BMW 323i | | $7,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re Tamara M. Bell,                                                        Case No. _____
_____
                    Debtor                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | |
|---|---|---|---|
| 28. Office equipment, furnishings, and supplies.. | | Photography Equipment<br>Need details about equipment | $3,000.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 30. Inventory. | X | | |
| 31. Animals. | X | | |
| 32. Crops - growing or harvested. Give particulars. | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | |

<u>2</u> continuation sheets attached          Total ▶                   $15,521.00
(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

B6C (Official Form 6C) (04/13)

In re Tamara M. Bell,                                          Case No. _____
                    Debtor                                                    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                            $155,675.*
☐ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 819 North Francisco Avenue, Chicago, IL 60622 One Story/ 3BR; 1Bath Single Family Home Detached One Car Garage | 735 ILCS 5/12-901 | $15,000.00 | $240,000.00 |
| 1999 BMW 323i | 735 ILCS 5/12-1001(b) | $4,000.00 | $7,000.00 |
|  | 735 ILCS 5/12-1001(c) | $2,400.00 |  |
| One woman's wearing apparel | 735 ILCS 5/12-1001(a),(e) | $500.00 | $500.00 |
| Photography Equipment Need details about equipment | 735 ILCS 5/12-1001(d) | $1,500.00 | $3,000.00 |

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

In re  Tamara M. Bell _____ ,   Case No. _____
                    Debtor                                                (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1126 <br> Citicorp Mortgage, Inc. <br> P. O. Box 790001 <br> M. S. 301 <br> St. Louis, MO 63179 -0012 | | | Mortgage <br><br> 810 North Francisco Avenue, <br> Chicago, IL 60622 <br> One Story/ 3BR; 1Bath Single <br> See Attachment 1 <br> VALUE $ **$240,000.00** | | | | **$212,000.00** | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | | |
|---|---|---|
| **0** continuation sheets attached | Subtotal ► <br> (Total of this page) | $ 212,000.00 | $ 0.00 |
| | Total ► <br> (Use only on last page) | $ 212,000.00 | $ 0.00 |
| | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

# Attachment

**Attachment 1**

    **Family Home**
    **Detached One Car Garage**

B 6E (Official Form 6E) (04/13)

In re    __Tamara M. Bell_____,    Case No. _____
                                    Debtor                                                      (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐    **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐    **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐    **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐    **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐    **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐    **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

* *Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

__0__  continuation sheets attached

B 6E (Official Form 6E) (04/13) – Cont.

In re **Tamara M. Bell** _____,        Case No. _____
                      Debtor                                           (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See Instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |

Sheet no. _1_ of _0_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | Subtotals➤ (Totals of this page) | $ 0.00 | $ 0.00 | $0.00 |
|---|---|---|---|---|
| | Total➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ | | |
| | Totals➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | $ |

B 6F (Official Form 6F) (12/07)

In re Tamara M. Bell _____,   Case No. _____
    Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  4511 <br><br> American Education Service <br> P.O. Box 2461 <br> Harrisburg, PA 17105-2461 | | | | | | | $9,761.30 |
| ACCOUNT NO.  1429 <br><br> Atlantic Credit & Finance, Inc. <br> 2727 Franklin Road SW <br> Roanoke, VA 24017 | | | | | | | $27,888.53 |
| ACCOUNT NO.  7642 <br><br> Bank of America, N. A. <br> P. O. Box 982236 <br> El Paso, TX 79998 - 2236 | | | | | | | $17,676.03 |
| Additional Contacts for Bank of America, N. A. (7642): <br><br> Dynia & Associates, LLC <br> Suite 801   Re: 1468482 <br> 4649 North Milwaukee Avenue <br> Chicago, IL 60630 - 2680 | | | | | | | |

Subtotal ➤ $ 55,325.86

__3__ continuation sheets attached

Total ➤ $ _____

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Tamara M. Bell** _____,    Case No. _____
                  Debtor                                          (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.        6522<br><br>Citibank, N. A.<br>P. O. Box 6500<br>Sioux Falls, SD 57117 | | | 2002 | | | | $16,354.43 |
| Additional Contacts for Citibank, N. A. (6522):<br><br>United Recovery Systems, LP<br>5800 North Course Drive<br>Houston, TX 77072 | | | | | | | |
| ACCOUNT NO.        1126<br><br>Citibank, N. A.<br>Attn Client Services<br>P. O. Box 769004<br>San Antonio, TX 78245 - 9004 | | | | | | | $2,014.97 |
| ACCOUNT NO.        3080<br><br>Citibank, N. A. / The Home Depot<br>P. O. Box 6497<br>Sioux Falls, SD 57117 - 6497 | | | | | | | $11,763.63 |

Sheet no. __1__ of __3__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤    $    30,133.03

Total➤    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re Tamara M. Bell _____ ,    Case No. _____
                    Debtor                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Additional Contacts for Citibank, N. A. / The Home Depot (3080): | | | | | | | |
| F M A Alliance, Ltd.<br>Re: 29987301<br>12339 Cutten Road<br>Houston, TX 77066 | | | | | | | |
| ACCOUNT NO.    0775<br><br>Comenity Bank, N. A. / The Room Place<br>P. O. Box 182125<br>Columbus, OH 43218 - 2125 | | | | | | | $1,816.09 |
| ACCOUNT NO.    4371<br><br>Discover Bank<br>P. O. Box 30421<br>Salt Lake City, UT 84130 - 0421 | | | 2011 | | | | $3,515.12 |
| Additional Contacts for Discover Bank (4371):<br><br>Blitt & Gaines, P. C.<br>Re: 13-27363<br>661 Glenn Avenue<br>Wheeling, IL 60090 | | | | | | | |

Sheet no. __2__ of __3__ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal▶  $  5,331.21

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re <u>Tamara M. Bell</u>                              ,        Case No. _____
                 Debtor                                                                (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    4476 <br><br> First National Bank of Omaha <br> 1620 Dodge Street <br> Omaha, NE 68197 | | | | | | | $4,741.52 |
| Additional Contacts for First National Bank of Omaha (4476): <br><br> The CKB Firm <br> Re: 13-2397 <br> Suite 1520 <br> 30 North La Salle Street <br> Chicago, IL 60602 | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. __3__ of __3__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶    $    4,741.52

Total▶    $    95,531.62
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re Tamara M. Bell,                                          Case No. _____
_____                              _____
                        **Debtor**                                        (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Need tenant's name | Description: Oral lease of room in home<br><br>Nature of Debtor's Interest: Lessor |

B 6H (Official Form 6H) (12/07)

In re Tamara M. Bell, _____    Case No. _____
                                       Debtor                                        (if known)

## SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| | |

**Fill in this information to identify your case:**

Debtor 1    Tamanra M. Bell
         First Name           Middle Name          Last Name

Debtor 2
(Spouse, if filing) First Name           Middle Name          Last Name

United States Bankruptcy Court for the:    Northern District of Illinois

Case number
(if known) _____

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition
chapter 13 income as of the following date:
_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | Sky Box/ Suite Attendant | _____ |
| Employer's name | Levy Premium Food Service | _____ |
| Employer's address | 1901 W. Madison<br>Number    Street | _____<br>Number    Street |
| | Chicago,     IL     60612<br>City      State    ZIP Code | _____<br>City      State    ZIP Code |
| How long employed there? | _____ | _____ |

### Part 2:   Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 2,000.00 | $_____ |
| 3. Estimate and list monthly overtime pay. | 3. | + $_____ | + $_____ |
| 4. Calculate gross income. Add line 2 + line 3. | 4. | $_____ | $_____ |

Debtor 1   Tamarra M. Bell
           First Name   Middle Name   Last Name

Case number (if known)_____

|  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here.................................................→ 4. | $_____ | $_____ |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 500.00 | $_____ |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $_____ | $_____ |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $_____ | $_____ |
| 5d. **Required repayments of retirement fund loans** | 5d. | $_____ | $_____ |
| 5e. **Insurance** | 5e. | $_____ | $_____ |
| 5f. **Domestic support obligations** | 5f. | $_____ | $_____ |
| 5g. **Union dues** | 5g. | $_____ | $_____ |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $_____ | + $_____ |

6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h.   6.   $_____   $_____

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 1,500.00   $_____

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**

Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   8a.   $_____   $_____

8b. **Interest and dividends**   8b.   $_____   $_____

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**

Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   8c.   $ 1,300.00   $_____

8d. **Unemployment compensation**   8d.   $_____   $_____

8e. **Social Security**   8e.   $_____   $_____

8f. **Other government assistance that you regularly receive**

Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____   8f.   $_____   $_____

8g. **Pension or retirement income**   8g.   $_____   $_____

8h. **Other monthly income.** Specify: _____   8h.   + $_____   + $_____

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.   9.   $_____   $_____

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   10.   $_____  +  $_____  =  $_____

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____   11.   + $_____

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data*, if it applies   12.   $ 2,800.00

Combined monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**

[✓] No.

[ ] Yes. Explain:   Debtors employment is seasonal and irregular

**Fill in this information to identify your case:**

Debtor 1    Tamara      M.      Bell
           First Name      Middle Name      Last Name

Debtor 2     First Name      Middle Name      Last Name
(Spouse, if filing)

United States Bankruptcy Court for the:    Northern District of Illinois

Case number
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

     MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Your Household

**1. Is this a joint case?**

☑ No. Go to line 2.

☐ Yes. **Does Debtor 2 live in a separate household?**

     ☐ No

     ☐ Yes. Debtor 2 must file a separate Schedule J.

**2. Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☐ No

☑ Yes. Fill out this information for each dependent..........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Son | | ☐ No ☑ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

**3. Do your expenses include expenses of people other than yourself and your dependents?**

☐ No

☑ Yes

## Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I.)

| | | Your expenses |
|---|---|---|
| 4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $ 1,895.00 |
| If not included in line 4: | | |
| 4a. Real estate taxes | 4a. | $ |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $ |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $ |
| 4d. Homeowner's association or condominium dues | 4d. | $ |

Debtor 1    Tamara                M.              Bell                           Case number (if known)_____
         First Name      Middle Name        Last Name

|  | | | Your expenses |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $_____ |
| 6. | **Utilities:** | | |
| | 6a.  Electricity, heat, natural gas | 6a. | $_____300.00 |
| | 6b.  Water, sewer, garbage collection | 6b. | $_____40.00 |
| | 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. | $_____300.00 |
| | 6d.  Other. Specify: _____ | 6d. | $_____ |
| 7. | **Food and housekeeping supplies** | 7. | $_____300.00 |
| 8. | **Childcare and children's education costs** | 8. | $_____700.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $_____50.00 |
| 10. | **Personal care products and services** | 10. | $_____50.00 |
| 11. | **Medical and dental expenses** | 11. | $_____ |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $_____ |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $_____ |
| 14. | **Charitable contributions and religious donations** | 14. | $_____ |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.  Life insurance | 15a. | $_____ |
| | 15b.  Health insurance | 15b. | $_____160.00 |
| | 15c.  Vehicle insurance | 15c. | $_____230.00 |
| | 15d.  Other insurance. Specify:_____ | 15d. | $_____ |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $_____ |
| 17. | **Installment or lease payments:** | | |
| | 17a.  Car payments for Vehicle 1 | 17a. | $_____ |
| | 17b.  Car payments for Vehicle 2 | 17b. | $_____ |
| | 17c.  Other. Specify:_____ | 17c. | $_____ |
| | 17d.  Other. Specify:_____ | 17d. | $_____ |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* (Official Form B 6I). | 18. | $_____ |
| 19. | **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $_____ |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | |
| | 20a.  Mortgages on other property | 20a. | $_____ |
| | 20b.  Real estate taxes | 20b. | $_____ |
| | 20c.  Property, homeowner's, or renter's insurance | 20c. | $_____ |
| | 20d.  Maintenance, repair, and upkeep expenses | 20d. | $_____ |
| | 20e.  Homeowner's association or condominium dues | 20e. | $_____ |

Official Form B 6J                     Schedule J: Your Expenses                     page **2**

Debtor 1  Tamara            M.            Bell                              Case number (if known)_____
          First Name   Middle Name   Last Name

21. **Other**. Specify: _____          21. +$_____

22. **Your monthly expenses.** Add lines 4 through 21.
    The result is your monthly expenses.                            22.   $            3,285.00

23. **Calculate your monthly net income.**

23a. Copy line 12 (*your combined monthly income*) from *Schedule I.*     23a.  $           2,800.00

23b. Copy your monthly expenses from line 22 above.                 23b. – $           4,025.00

23c. Subtract your monthly expenses from your monthly income.
     The result is your *monthly net income.*                       23c.  $            1,225.00

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your
    mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ☐ No.
    ☑ Yes.   Explain here:  Debtor receives mortgage payment assistance from the Illinois Hardest Hit program.  The
                            assistance is not permanent.

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re   **Tamara M. Bell** _____ ,      Case No. _____
                    Debtor                                                      (If known)


# DECLARATION CONCERNING DEBTOR'S SCHEDULES


### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR


I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __19__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date **February 26, 2014** _____        Signature: **Tamara M. Bell** _____

                                                                                        Tamara M. Bell Debtor

Date _____                         Signature: _____

                                                                                          (Joint Debtor, if any)

                                               [If joint case, both spouses must sign.]

---
### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____                    _____
Printed or Typed Name and Title, if any,                    Social Security No.
of Bankruptcy Petition Preparer                              (Required by 11 U.S.C. § 110.)

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.

_____
_____
_____
Address

X _____                    _____
Signature of Bankruptcy Petition Preparer                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.


### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.


Date _____

                                        Signature: _____

                                                     _____
                                                     [Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

---
Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

In re: Tamara M. Bell _____        Case No _____
_____Debtor_____                                    (if known)

## STATEMENT OF FINANCIAL AFFAIRS

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | AMOUNT | SOURCE |
|---|---|---|
| Debtor: | | |
| Current Year (2014): | $0.00 | N/A |
| Previous Year 1 (2013): | $0.00 | N/A |
| Previous Year 2 (2012): | $0.00 | 60,851 |
| Joint Debtor: | N/A | |

**2. Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | AMOUNT | SOURCE |
|---|---|---|
| | | |

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of

☒ goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:

None   *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☒   *c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☒   a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
☒   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | DESCRIPTION |
|---|---|

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

3

| OF PERSON FOR WHOSE | DATE OF | AND VALUE |
| BENEFIT PROPERTY WAS SEIZED | SEIZURE | OF PROPERTY |

---

### 5. Repossessions, foreclosures and returns

None ☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | DATE OF REPOSSESSION, | DESCRIPTION |
| OF CREDITOR OR SELLER | FORECLOSURE SALE, | AND VALUE |
|  | TRANSFER OR RETURN | OF PROPERTY |

---

### 6. Assignments and receiverships

None ☒

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | | TERMS OF |
| NAME AND ADDRESS | DATE OF | ASSIGNMENT |
| OF ASSIGNEE | ASSIGNMENT | OR SETTLEMENT |

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | NAME AND LOCATION | | DESCRIPTION |
| NAME AND ADDRESS | OF COURT | DATE OF | AND VALUE |
| OF CUSTODIAN | CASE TITLE & NUMBER | ORDER | OF PROPERTY |

---

### 7. Gifts

None ☒

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS | RELATIONSHIP | | DESCRIPTION |
| OF PERSON | TO DEBTOR, | DATE | AND VALUE |
| OR ORGANIZATION | IF ANY | OF GIFT | OF GIFT |

4

**8. Losses**

None
☒

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor:<br>Porter Law Network | 1/10/2014 | $1,306.00 |

**10. Other transfers**

None
☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☒

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

5

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

6

None ☒   If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

### 16. Spouses and Former Spouses

None ☒   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☒   a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒   b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☒   c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
☒

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☒

a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

8

None ☒ b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

None ☒ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                          ADDRESS

None ☒ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

NAME AND ADDRESS                          DATE ISSUED

---

### 20. Inventories

None ☒ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| DATE OF INVENTORY | INVENTORY SUPERVISOR |  |

None ☒ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

### 21. Current Partners, Officers, Directors and Shareholders

None ☒ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                          NATURE OF INTEREST                          PERCENTAGE OF INTEREST

None ☒    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22. Former partners, officers, directors and shareholders**

None ☒    a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☒    b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☒    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ☒    If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to

10

☒    which the debtor, as an employer, has been responsible for contributing at any time within six years immediately
preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs
and any attachments thereto and that they are true and correct.

Date  February 26, 2014 _____    Signature
                                            of Debtor    Tamara M. Bell _____

                                            Signature of
                                            Joint Debtor
Date _____                        (if any)    _____

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT

In re  Tamara M. Bell                                             Case No. _____
           Debtor                                                 Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>Citicorp Mortgage, Inc. | **Describe Property Securing Debt:**<br>819 North Francisco Avenue, Chicago, IL 60622<br>One Story/ 3BR; 1Bath Single Family Home<br>Detached One Car Garage |

Property will be *(check one)*:
    ☐ Surrendered      ☒ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☒ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☒ Claimed as exempt      ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>Need tenant's name | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES     ☒ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: February 26, 2014 _____     Tamara M. Bell _____
                                             Signature of Debtor

 

                                             Signature of Joint Debtor

B 203
(12/94)

# United States Bankruptcy Court

**In re**

  Tamara M. Bell

  Case No. _____

**Debtor**

  Chapter _7_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,306.00 ____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 1,306.00 ____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00 _____

2. The source of the compensation paid to me was:

   [X] Debtor          [ ] Other (specify)

3. The source of compensation to be paid to me is:

   [X] Debtor          [ ] Other (specify)

4. [ ] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)

d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

February 26, 2014
_Date_

/s/Karen J. Porter

**Karen J. Porter**
_Signature of Attorney_

**Porter Law Network**
_Name of law firm_

**PORTER LAW NETWORK**
230 West Monroe, Suite 240
Chicago, Il 60606

**AGREEMENT TO PROVIDE LEGAL SERVICES:**
**CHAPTER 7 BANKRUPTCY CASE**

January 9, 2014

Ms. Tamara Bell
819 North Francisco Avenue
Chicago, IL 60622

### THIS IS A WRITTEN AGREEMENT REGARDING LEGAL FEES

Lawyers are required, under the Rules of Professional Conduct, to communicate to a client the basis for the legal fees and the hourly rates that they will charge when beginning the representation of a client.    This is a binding legal contract that governs our attorney client relationship .

Chapter 7 gives debtors important rights, such as stopping the collection efforts of creditors and discharging debt. Chapter 7 also puts burdens on debtors, such as the burden of making full and complete disclosures of their financial situation. It is important for debtors who file a Chapter 7 bankruptcy case to understand their rights and responsibilities in bankruptcy. Debtors are entitled to expect certain services to be performed by their attorneys. Debtors also have responsibilities to their attorneys. Please make sure that you read this agreement carefully and understand all its terms. Your signature at the end of this agreement is an acknowledgment that you read this agreement and understand it.

### ALLOWANCE AND PAYMENT OF ATTORNEY'S FEES

We agree to represent you in connection with a Chapter 7 bankruptcy case. We agree to provide the legal services necessary to file a chapter 7 case for you, prepare the bankruptcy schedules and statement of financial affairs, attend the meeting of creditors, assist you with your creditors and seek a chapter 7 discharge of your debts.

The legal fee for the chapter 7 case will be $1000.00 which includes the filing fee of $306.00. You must pay the legal fee and the filing fee, a total of $1306.00 before we will file the chapter 7 case for you.

We consider the legal fee an advance retainer under Illinois.   We will deposit the legal fee into our operating account.   We consider the legal fee for the chapter 7 bankruptcy case earned upon receipt.   You have the right to request that the legal fee be placed into our client trust account.   However, that request may affect the amount that we charge for your chapter 7 case.

## BEFORE THE CASE IS FILED

You agree to fully cooperate with us with respect to the Chapter 7 case. You agree to provide us with full, complete and accurate information, financial and otherwise. When you file a case, you are required to completely and honestly disclose to the Court, and in documents publicly available, all the creditors that you owe and all of the property that you own. You must list all creditors regardless of the status of each obligation; you must include any debts you owe to friends or family.

You understand that we will not be able to provide adequate representation if you fail to provide us with complete and accurate information, fail to fully cooperate with us, or fail to fulfill your obligations as a Chapter 7 debtor. You further understand that your failure to provide information, to cooperate with us or to fulfill your duties during the Chapter 7 case may increase the costs of the legal services we render, or may result in the Chapter 7 case being dismissed by the Court.

We must counsel you regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures and answer your questions.  We must inform you that  filing a Chapter 7 case may have an adverse effect on your credit score and may impair your credit rating for as long as ten years. We must inform you that the Porter Law Network does not provide legal services relating to credit, credit reporting or credit repair. We will not be able to assist you with your credit or credit related issues that are not specifically related to the filing of the Chapter 7 bankruptcy case.

We will personally review and sign the completed petition, bankruptcy schedules statement of financial affairs and as well as amendments , whether filed with the petition or later. We will timely prepare and file your petition, schedules, statements and schedules.

## AFTER THE CASE IS FILED

We will advise you of the requirement to attend the meeting of creditors, and notify you of the date, time and location of the meeting.  You agree to appear punctually at the meeting of creditors (also called the  section 341 meeting) with recent proof of income, a picture identification card and a social security card. You must be present in time for check-in and when your case is called for the actual examination.

You must complete a Personal Financial Management Course. This is a different course that the Consumer Credit Counseling Course that you took to become eligible to file the Chapter 7 case. There is a separate fee paid to the course provider. This course must be completed before receiving a discharge. If you complete the course after receiving a discharge, the Court will charge a fee of $260.00 to reopen your case.

We will timely submit to the Chapter 7 Trustee properly documented proof of your income. We will timely prepare, file and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by you. You will incur a fee of $30.00 to amend your schedules. You will notify us of any change in your address or telephone number.

We will provide any other legal services necessary for the administration of your case before the Bankruptcy Court. However, we will not represent you in connection with an adversary proceeding filed against you by a creditor.

## JOINT OBLIGATIONS WITH OTHERS

You may have joint debts with family members or friends such as someone that cosigned an obligation for you or someone that allows you to use their credit card. If that is the case, your filing a Chapter 7 bankruptcy case may adversely impact that person's credit or credit report. You may also have bills or debts that are not in your name but in the name of a family member or friend, such as a telephone bill or utility bill. Please be informed that the bankruptcy case and the automatic stay which stops the collection efforts of creditors applies only to the person filing bankruptcy. Therefore, the bankruptcy case will not apply to bills or debts that are not in your name. Such creditors are able to pursue collections efforts in the normal course of business.

## NON-DISCHARGEABILITY

We have informed you that the following types of debt may not be discharged in a Chapter 7 case: 1) federal taxes; 2) state taxes; 3) student loans; 4) alimony and domestic support obligations; 5) restitution arising out of a criminal conviction, 6) debts for death, personal injury caused while under the influence of drugs or alcohol; and 7) certain fines, penalties and administrative judgments. In addition, debts and obligations affected by fraud or maliciousness or certain debts incurred in connection with property settlements arising out of a separation agreement or divorce decree are not automatically excluded from discharge. In some instances, creditors must ask the Court to determine that these debts or obligations are excepted from discharge.

We must inform you that a Chapter 7 discharge will only discharge those debts that existed before the case is filed and are properly included in the Schedules filed with the Court. If you fail to disclose a debt to us or incur new debt, neither will be discharged and you will be responsible to the creditors. If you fail to pay those creditors, you will remain subject to collection efforts.

Our legal services for this chapter 7 case do not include representing you if a creditor files an adversary proceeding to determine that a debt is not dischargeable.

## FINAL MATTERS

If we believe that you are not complying with your duties under the bankruptcy law and responsibilities under this agreement we may apply for a Court Order allowing us to withdraw from the case.

Either party may terminate this agreement with or without cause at any time. The termination of this agreement will not change your obligation to pay for the legal services we have performed for you. In the event this agreement is terminated by you, we will return all files in our possession provided you have paid all outstanding legal fees and expenses.

PORTER LAW NETWORK

By: _____
       Karen J. Porter

Accepted and agreed to January 9, 2014

By: _____
       Ms. Tamara Bell